## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARL REED,

      **Plaintiff,**

      v.                                        **CASE NO.  22-3184-JWL-JPO**

(FNU) DEHAMERS, et al.,

      **Defendants.**

### MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Carl Reed is hereby required to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

## I.  Nature of the Matter before the Court

Plaintiff, a detainee at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"), filed this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff alleges that Deputy Dehamers denied him recreation and a shower from March 2, 2022, until March 13, 2022, while Plaintiff was in medical segregation at the JCADC.  (Doc. 1, at 2.)  Plaintiff also claims that Deputy Dehamers made unprofessional comments to Plaintiff.  *Id*. at 3.  Plaintiff attaches a grievance in which he claims that on March 8, 2022, Dehamers said "that he used to bully people like [Plaintiff] in school and now he is enjoying bullying [Plaintiff] now."  (Doc. 1–1.)

Plaintiff names as defendants:   (fnu) Dehamers, Deputy at JCADC; and the Johnson County Sheriff's Office.   Plaintiff seeks $5,000,000 in monetary damages for "embarrassment and defamation [sic]."  (Doc. 1, at 6.)

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Conditions of Confinement

The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims). A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical

care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

Plaintiff alleges that he was denied recreation and a shower from March 2 to March 13, while he was in medical segregation. Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of

serious harm."  Plaintiff has also failed to allege "deliberate indifference" by any defendant. Plaintiff should show good cause why his claim should not be dismissed.

### 2. Verbal Harassment

Plaintiff alleges that Deputy Dehamers made unprofessional comments to Plaintiff.  The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).  Plaintiff should show good cause why this claim should not be dismissed for failure to state a constitutional violation.

### 3. Request for Relief

Plaintiff seeks monetary damages for embarrassment and defamation.  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### 4. Sheriff's Department

Plaintiff has named the Johnson County Sheriff's Department as a defendant.  Any claim against the Sheriff's Department "is directed against the wrong defendant, as the Board of County Commissioners of [Johnson] County is the appropriate defendant for claims against any of its subunits." *Brown v. Sedgwick Cty. Sheriff's Office*, 513 F. App'x 706, 707–08 (10th Cir.

2013) (unpublished) (citing *Hopkins v. State,* 237 Kan. 601, 702 P.2d 311, 316 (1985) (noting "line of Kansas cases which holds that subordinate government agencies do not have the capacity to sue or be sued in the absence of statute"); Kan. Stat. Ann. § 19–105 (2012)).  Kansas statutory law provides that "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be 'The board of county commissioners of the county of _____;' . . .."  K.S.A. § 19-105.

Even if Plaintiff were permitted to amend his complaint to substitute the appropriate defendant, his claim would fail because he has not alleged sufficient facts to show a constitutional violation by a municipal employee or a municipal policy causally connected to such a violation.  To impose § 1983 liability on the county and its officials for acts taken by its employee, a plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).  Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff's Department and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff.  Plaintiff should show good cause why his claims against the Sheriff's Department should not be dismissed.

### 5.  Leave to Proceed In Forma Pauperis

The Court will provisionally grant Plaintiff leave to proceed without prepayment of fees.

However, Plaintiff is required to either pay the statutory filing fee of $402.00[1] or file a motion for leave to proceed in forma pauperis by the September 29, 2022 deadline set forth in the Court's Notice of Deficiency at Doc. 2.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (22-3184-JWL-JPO) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges

---

[1] The fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis.  Plaintiff should either pay the $402 filing fee or submit a motion for leave to proceed in forma pauperis by **September 29, 2022.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 3, 2022,** in which to show good cause, in writing, to the Honorable John W. Lungstrum, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 3, 2022**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 2, 2022, in Kansas City, Kansas.**

> **S/  James P. O'Hara**
> **JAMES P. O'HARA**
> **UNITED STATES MAGISTRATE JUDGE**