IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL REED,

       **Plaintiff,**

       v.                                             CASE NO.  22-3184-JWL-JPO

(FNU) DEHAMERS, et al.,

       **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a detainee at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"), filed this pro se civil rights case under 42 U.S.C. § 1983.  On September 2, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until October 3, 2022, to either show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies.  Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that Deputy Dehamers denied him recreation and a shower from March 2, 2022, until March 13, 2022, while Plaintiff was in medical segregation at the JCADC. (Doc. 1, at 2.)  Plaintiff also claims that Deputy Dehamers made unprofessional comments to Plaintiff.  *Id*. at 3.  Plaintiff attaches a grievance in which he claims that on March 8, 2022, Dehamers said "that he used to bully people like [Plaintiff] in school and now he is enjoying bullying [Plaintiff] now."  (Doc. 1–1.)   Plaintiff names as defendants:  (fnu) Dehamers, Deputy at JCADC; and the Johnson County Sheriff's Office.   Plaintiff seeks $5,000,000 in monetary damages for "embarrassment and defamement [sic]."  (Doc. 1, at 6.)

The Court found in the MOSC that Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff also failed to allege "deliberate indifference" by any defendant. *See id*. Plaintiff alleges that Deputy Dehamers made unprofessional comments to Plaintiff. The Court found in the MOSC that the Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).

The Court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 3, at 9.) Plaintiff has failed to respond to the Court's MOSC and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 7, 2022, in Kansas City, Kansas.**

S/  John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
